IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODNEY ALEXANDER TOPKOV, and<br>EARTH RESEARCH LABS, LLC, an<br>Oklahoma limited liability company,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLAN GRUBB, DISTRICT ATTORNEY,<br>IN AND FOR LINCOLN COUNTY, in his<br>individual capacity; WILLIAM<br>WHEELER, in his individual capacity;<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case. No. CIV-22-40-SLP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

Before the Court is Defendants' Motion for Sanctions with Brief in Support [Doc. No. 207]. Plaintiffs have filed their Response [Doc. No. 228]. On December 30, 2025, the Court conducted an evidentiary hearing on the Motion. Plaintiffs appeared through their counsel of record, Thomas J. Goldman. Defendants appeared through their counsel of record, Jesse S. Ogle and Devan A. Pederson. Plaintiff Rodney Alexander Topkov appeared in person. The Court reviewed in camera and ex parte medical records submitted by Mr. Topkov. The Court further heard testimony of Mr. Topkov. For the reasons set forth, Defendants' Motion is DENIED.

Defendants seek, as sanctions, a dismissal of this lawsuit or, alternatively, an order prohibiting Mr. Topkov from testifying at trial. Defendants cite Rule 30(d)(2) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure in support of their request. Defendants make a further alternative request – in lieu of sanctions – for leave to depose

Mr. Topkov out of time. Mr. Topkov does not oppose this requested relief. And the parties have agreed upon a deposition date of January 13, 2025 should the Court grant such relief. To this end, the parties further agreed at the hearing that the trial should be stricken to be reset in light of these circumstances. The Court, accordingly, has stricken the trial. *See* Minute Entry [Doc. No. 234].

Defendants filed their Motion following difficulties scheduling a second deposition of Mr. Topkov. The second deposition was necessitated by Mr. Topkov's conduct at his initial deposition, which drew a motion to compel by Defendants and which the Court granted. *See* Order [Doc. No. 96].

In their briefing submissions and at the evidentiary hearing, the parties have focused on the medical reasons offered by Mr. Topkov which have resulted in the cancelling of his second deposition on three occasions – once in August 2024 and twice in November 2024. Notably, although Defendants seek the severe sanction of dismissal of this lawsuit, they have not addressed the factors governing the imposition of such a sanction. *See, e.g. Villanueva Echon v. Sackett*, 809 F. App'x 468, 472-73 (10th Cir. 2020) (identifying factors to include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser **\*473** sanctions" (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). And, as to both the sanction of dismissal, or the alternative sanction of prohibiting Mr. Topkov from testifying at trial, the only

prejudice identified by Defendants is an inability to properly prepare for the trial previously set for January 13, 2025.

Having fully considered the parties briefing submissions, the evidence presented at the hearing, and the testimony of Mr. Topkov, the Court finds minimally sufficient evidence that the cancelling of Mr. Topkov's previously scheduled depositions in August and November 2024 was necessitated by medical need and that Mr. Topkov did not act willfully or in bad faith.  *See, e.g., Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) ("Because dismissal is such a harsh sanction, it is appropriate only in cases of willfulness, bad faith, or some fault[.]").[1]  The Court further finds that Defendants have failed to articulate any prejudice under the circumstances, now that the January trial date has been stricken and an agreed-upon date for Mr. Topkov's second deposition has been secured.  For this reason, the Court declines, at this juncture, to prohibit Mr. Topkov from testifying at trial.  *See, e.g., HCG Platinum, LLC v. Preferred Product Placement Corp.*, 873 F.3d 1191, 1206 (10th Cir. 2017) (addressing efficacy of "cure alternatives" in context of exclusion of evidence as sanction).  As the Court underscored at the hearing, however, Plaintiffs are warned that any failure by Mr. Topkov to appear for and cooperate in the taking of his deposition on January 13, 2025 may result in the imposition of sanctions, to include dismissal of this action with prejudice.

---

[1] The Tenth Circuit has deemed a "clear and convincing standard" appropriate to the showing of willfulness, bad faith or some fault.  *See Xyngular v. Schenkel*, 890 F.3d 868, 873-74 (10th Cir. 2018) ("[A]lthough our circuit has no precedent precisely on point, persuasive authority from our sibling circuits indicates that a clear and convincing standard applies" when court is considering "harsh sanction" of dismissal).  Even if the Court were to apply a preponderance of the evidence standard, however, it would reach the same result.  Notably, Defendants have not challenged Mr. Topkov's medical evidence.

IT IS THEREFORE ORDERED that Defendants' Motion for Sanctions with Brief in Support [Doc. No. 207] is DENIED.

IT IS FURTHER ORDERED that Defendants are granted leave to depose Mr. Topkov out of time. The deposition shall proceed on the date agreed upon by the parties, January 13, 2025.

IT IS SO ORDERED this 30th day of December, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE